276 F.Supp.2d 1381 (2003)
In re EQUICREDIT CORP. MORTGAGE LENDING PRACTICES LITIGATION
Deborah Hines, et al.
v.
Bank of America Corp., et al., N.D. Mississippi, C.A. No. 2:03-64
Gregory Crocker, et al.
v.
Bank of America Corp., et al., S.D. Mississippi, C.A. No. 2:03-85
Melvin Wilson, et al.
v.
Bank of America Corp., et al., S.D. Mississippi, C.A. No. 3:03-232
Dianne C. Busby, et al.
v.
Bank of America Corp., et al., S.D. Mississippi, C.A. No. 3:03-243
No. MDL-1545.
Judicial Panel on Multidistrict Litigation.
August 5, 2003.
*1382 Before WM. TERRELL HODGES,[*] Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

ORDER DENYING TRANSFER
JOHN F. KEENAN, Acting Chairman.
This litigation currently consists of four actions pending in two districts as follows: three actions in the Southern District of Mississippi and one action in the Northern District of Mississippi. Affiliated common defendants Bank of America Corp., Bank of America, N.A., Equicredit Corp., Equicredit Corp. of America and Nationscredit Financial Services Corp. move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of Mississippi. Plaintiffs in the four actions oppose transfer.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact and law in this docket consisting of only four actions in two adjoining districts within the same state are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). See also Manual for Complex Litigation, Third, § 31.14 (1995).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.
NOTES
[*] Judges Hodges and Jensen took no part in the decision of this matter